**Ai Geng JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**No. 05–0743–AG.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

**70**

Ai Geng Jiang, West Islip, New York, for Petitioner, pro se.

Christopher J. Christie, U.S. Atty., for the District of New Jersey, Peter G. O'Malley, Asst. U.S. Atty., Newark, New Jersey, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ai Geng Jiang, *pro se*, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility de-terminations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ concluded that the applicant was not a credible witness, and that conclusion is supported by substantial evidence. He said at his airport interview that his wife had one abortion, but testified that she had two. He claimed that his airport statement was false and the result of coaching my a snakehead. However, as the IJ pointed out, much of the airport statement coincided with the hearing testimony. The IJ had a reasonable basis to doubt the testimony of a person who said his airport interview was false when that interview substantially coincides with his hearing testimony. The discrepancy about the number of abortions is significant.

The IJ also reasonably doubted the testimony that the Chinese authorities would confer documents on him such as a household registration and a national identity card at the time that they were looking for him in order, as he claimed, to sterilize him. The IJ relied on background materials indicating that the authorities do not issue such papers to those who violate the family planning policy.

The IJ also reasonably doubted the testimony that the Chinese authorities, who had indicated an intent to sterilize his wife, would refrain from such action simply because he was in the United States.

These specific matters, coupled with the IJ's negative assessment of the applicant's demeanor and the evasiveness of some of the applicant's answers provided a substantial basis for the IJ to conclude that the applicant was not credible. Even if

some aspects of the IJ's consideration could be said to be flawed, we have no doubt that, even apart from such aspects, the IJ would find the applicant ineligible for asylum. *See Xiao Ji Chen v. U.S. DOJ,* 434 F.3d 144, 2006 WL 27427, at \*11 (2d Cir. Jan.6, 2006).

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).